IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL JACOBS, | : Civil No. 4:23-CV-1057 |
| Petitioner, | : |
| v. | : |
| MICHAEL ZAKEN, et al., | : |
| Respondents. | : Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is the Report & Recommendation ("R&R") (Doc. 24) submitted by Magistrate Judge Martin C. Carlson concerning Petitioner Daniel Jacobs's petition for a writ of habeas corpus (Doc. 1) and Respondents Michael Zaken and the Pennsylvania Attorney General's motion to dismiss (Doc. 13). For the reasons set forth below, the court will adopt the R&R and dismiss the petition.

**I.     BACKGROUND**

Magistrate Judge Carlson's R&R explains the background of this case thoroughly. (Doc. 24 pp. 1-4.) As such, the court will give an abbreviated version. In September 1992, a York County jury convicted Petitioner Daniel Jacobs on two counts of first-degree murder for the February 1992 killings of his girlfriend, Tammy Mock, and their seven-month-old daughter, Holly. In 1994, Petitioner was sentenced to life imprisonment for Holly's murder and to death for Tammy's murder. His sentence was affirmed on direct appeal to the Pennsylvania Supreme Court. *Comm.*

1

*v. Jacobs*, 639 A.2d 786 (Pa. 1994). Petitioner subsequently pursued unsuccessful post-conviction relief pursuant to the Pennsylvania Post-Conviction Relief Act, 42 Pa.C.S. 9541, *et seq*. He then petitioned this court for the issuance of a writ of habeas corpus, which was conditionally granted to allow the Commonwealth to resentence him but was denied in all other respects. *See Jacobs v. Horn*, 395 F.3d 92, 97 (3d Cir. 2005). In 2005, the Third Circuit reversed the district court, finding that Petitioner's trial counsel was ineffective "during the guilt phase by failing to adequately investigate, prepare, and present mental health evidence in support of his diminished capacity defense," and ordered a new trial for the murder of Tammy. *Id.* at 119. However, the circuit specifically affirmed Petitioner's sentence as to Holly. *Id.*

Over the succeeding decade, Petitioner was represented by a series of attorneys and subjected to numerous examinations regarding his competency to be retried. On November 13, 2018, Petitioner entered an Alford plea to involuntary manslaughter for the death of Tammy and was sentenced to a term ten to twenty years. Petitioner did not file a direct appeal, but later filed a petition for post-conviction relief on July 8, 2019. The petition was denied, and the denial was affirmed by the Pennsylvania Superior Court on June 22, 2022. Petitioner did not petition for allocator with the Pennsylvania Supreme Court but instead filed the instant petition on June 26, 2023. (Doc. 1.)

The R&R recommends dismissal of the petition on the basis that it is untimely. Petitioner filed objections to the R&R on April 30, 2024, to which Respondents did not submit a response. (Doc. 25.) As the time for responding has passed, the matter is ripe for resolution.

## II.   STANDARD OF REVIEW

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a de novo review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac. Dental Co. v. Dentsply, Intern.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citations omitted). Regardless of whether objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

### III. <u>DISCUSSION</u>

Petitioner brings numerous objections to the R&R, each of which will be addressed in turn.

First, Petitioner objects on the procedural basis that he did not consent to the jurisdiction of a magistrate judge and has therefore suffered prejudice. (Doc. 25 pp. 2-3.) However, Petitioner misunderstands the law and its operation in this case. Under 28 U.S.C. § 636(b)(1), "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court," subject to certain exceptions, and "may also designate a magistrate . . . to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition by a judge of the court, of any motion excepted in subparagraph (A) . . . ." 28 U.S.C. § 636(b)(1)(A)-(B). The magistrate judge then must file his proposed findings and recommendations with the district court, which may "accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate . . . ." *Id.* at § 636(b)(1), (C). This is the operation of the law in this action, and, appropriately, the court will conduct a de novo review and accept, reject, or modify the findings of Magistrate Judge Carlson.[1] Petitioner's objection is thus overruled.

---

[1] Petitioner incorrectly cites to Subsection (C)(1), which permits a magistrate judge, with consent of all parties, to preside over an entire action without the need to submit a report and

Second, Petitioner objects to the R&R on the basis that Judge Carlson should be disqualified under 28 U.S.C. § 455(a) because his submission of an R&R absent Petitioner's consent is "bias[ed], substantively adverse, and even hostile to the point that a fair process is tainted and cannot be had." (Doc. 25 p. 3.) This objection is easily overruled. 28 U.S.C. § 455(a) commands that "[a]ny justice, judge or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Accordingly, a judge should recuse himself where "a reasonable [person] knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Balance Rod Corp. v. Bensalem Twp.*, 57 F.3d 253, 266 (3d Cir. 1995), abrogated on other grounds by *United Artists Theatre Circuit, Inc. v. Township of Warrington, PA*, 316 F.3d 392 (3d Cir. 2003). Further, adverse rulings are not themselves "proof of prejudice or bias." *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 93 F.3d 313, 330 (3d Cir. 2015) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Petitioner's objections are littered with allegations of bias and impartiality based on Judge Carlson's rhetoric regarding the nature of the underlying crime, Petitioner's "fundamental misunderstanding of the statute of limitations," the

---

recommendation to a district judge. 28 U.S.C. § 636(c)(1). However, the parties did not consent to such jurisdiction in this case.

"exacting substantive standards to warrant relief" under the habeas statute, and the adverse determination in the R&R. Judge Carlson has not disqualified himself in accordance with 28 U.S.C. § 455, nor does his opinion evidence that any disqualification is warranted. Further, even if the court agreed that Judge Carlson's rhetoric about Petitioner's understanding the Section 2254 was inappropriate, which it does not, Petitioner has failed to show that a reasonable person would harbor doubts about Judge Carlson's impartiality. As this objection amounts to a mere disagreement with the outcome of the R&R, it is also overruled.

Lastly, moving to the crux of Petitioner's objections to the R&R, he argues that Judge Carlson erred in the calculation of the applicable statute of limitations to file the instant petition after the judgement of conviction for the manslaughter of Tammy became final. (Doc. 25 pp. 7-11.) The court agrees with the R&R's finding that this petition is untimely as a matter of law.

As adeptly stated in the R&R, the procedural requirements for Section 2254 relief are correctly described as "exacting," and petitioners must satisfy "specific, and precise, procedural standards." (Doc. 24.) This includes the statute of limitations requirement. Under Section 2244(d)(1), the statute of limitations under Section 2254 is as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998).

Section 2244(d) contains two, separate statutory tolling requirements that apply while a future petitioner is seeking direct or collateral review of a conviction. First, under Section 2254(d)(1)(A), "[t]he limitation period shall run from the latest of- (A) the date on which the judgement became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. 2244(d)(1)(A). Thus, even if a petitioner did not seek direct review upon a final judgment, the statutory filing period remains tolled for the duration of the time that he *could* have filed for direct review, either by way of allocator to the Pennsylvania Supreme Court or writ of certiorari to the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Under Section 2244(d)(2), there is a second period of statutory tolling while a state prisoner seeks collateral review in state court, providing: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). An untimely petition for collateral review will not be considered a properly filed application for collateral review and will therefore not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-14 (2005); *Long v. Wilson*, 393 F.3d 390, 394-95 (3d. Cir. 2004). Further, and unlike Section 2244(d)(1)(A), there is no additional tolling period for a petitioner who does not seek further appellate review after the denial of a collateral attack of his conviction. *Miller v. Dragovich*, 311 F.3d 574, 578 (3d Cir. 2002).

Petitioner's conviction for the murder of Tammy became final on November 13, 2018, the day he accepted the Alford plea for involuntary manslaughter. Petitioner had an additionally thirty days from that date to seek direct review, which he did not seek, during which the statute of limitations was further tolled pursuant to Section 2244(d)(1)(A), meaning it began to run on December 13, 2018. The statute ran until July 8, 2019, when Petitioner filed for post-conviction relief. The elapsed time was 207 days. While Petitioner's collateral attack to his conviction was pending, the statute of limitations was tolled pursuant to Section 2244(d)(2). That

8

tolling period ended, however, when the Pennsylvania Superior Court affirmed the denial of his post-conviction relief on June 22, 2022.[2] Petitioner did not seek further review with the Pennsylvania Supreme Court within 30 days. Thus, the statute of limitations began to run again on June 22, 2022, adding to the 207 days until Petitioner filed the instant habeas petition with this court on June 26, 2023. By that time, however, an additional 369 days had elapsed, for a total of 576 days. Thus, Petitioner's petition is untimely as a matter of law, and this objection is overruled.[3]

## IV. **CONCLUSION**

For the reasons provided above, the court will adopt the R&R in full and grant the motion to dismiss the petition. An appropriate order shall follow.

/s/ Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Date: August 6, 2024

---

[2] As Petitioner did not seek discretionary appellate review of the Pennsylvania Superior Court's decision on his collateral attack, the statutory tolling period ended on June 22, 2022, and not thirty days later, as the R&R explains. *See Miller v. Dragovich*, 311 F.3d 574, 578 (3d Cir. 2002) This error, however, was harmless because under both calculations, the petitioner is plainly untimely.

[3] To the extent Petitioner also argues that separate relief is warranted as to his conviction for Holly's murder, the court notes that the conviction was upheld by the Third Circuit in 2005 and has thus been final for nearly 20 years. As such, the court will deny any such objection as the request for relief is clearly untimely.